UNITED STATES of America,
Appellant,

v.

Allen Ray JOHNSON, Appellee.

No. 78-5229.

United States Court of Appeals,
Fourth Circuit.

Argued April 6, 1979.

Decided Sept. 12, 1979.

Jack B. Crawley, Jr., Asst. U. S. Atty., Raleigh, N. C. (George M. Anderson, U. S. Atty., Raleigh, N. C., on brief), for appellant.

James R. Acker, Durham, N. C. (Thomas F. Loflin, III, Loflin, Loflin, Galloway, Leary & Acker, Durham, N. C., on brief), for appellee.

Before HAYNSWORTH, Chief Judge, and WIDENER and PHILLIPS, Circuit Judges.

JAMES DICKSON PHILLIPS, Circuit Judge:

The principal issue on this appeal is a narrow one. When a convicted criminal defendant attempts to cause the principal witness against him falsely to recant his testimony while his direct appeal is being prosecuted in a higher court, is a judicial proceeding still pending in the district court so that he may be charged with obstruction of justice under the omnibus clause of 18 U.S.C. § 1503? The district court answered that question in the negative and dismissed the indictment against Allen Ray Johnson. We reverse.

Convicted by a jury of three counts of theft of gasoline from an interstate pipeline in violation of 18 U.S.C. §§ 2, 659, Johnson filed notice of appeal to this Court. While that appeal was pending he allegedly attempted to induce the principal witness against him, Larry Damus Williams, to

falsely recant his testimony.[1] Williams went to the authorities and Johnson was indicted for obstruction of justice. Upon his motion, however, the indictment was quashed.

In pertinent part, 18 U.S.C. § 1503 provides:

> "Whoever . . . corruptly or by threats or force, or by any threatening letter or communication, influences, obstructs, or impedes, or endeavors to influence, obstruct, or impede, the due administration of justice, shall be fined not more than $5,000 or imprisoned not more than five years, or both."

■ A *sine qua non* for any violation of § 1503 is that a judicial proceeding be pending so that the conduct of the accused may impede its due administration. *E. g., Pettibone v. United States*, 148 U.S. 197, 207, 13 S.Ct. 542, 37 L.Ed. 419 (1893); *United States v. Howard*, 569 F.2d 1331, 1337 (5th Cir. 1978). While many cases have determined when a proceeding begins for purposes of this statute, neither counsel nor research has produced any authority as to when one terminates.[2]

The requirement that a proceeding be pending is a practical one. As the Third Circuit has stated in a related context, "we are required to assess the extent of the relationship, whether in time, causation or logic, between the acts complained of and the progress of some 'administration of justice.'" *United States v. Walasek*, 527 F.2d 676, 679 n.12 (3d Cir. 1975).

At the time of Johnson's alleged obstructive conduct, the prosecution against him had progressed to the point where an adverse jury verdict had been returned, he had been sentenced and he had noted his appeal. He first argues that in technical terms the taking of appeal had deprived the district court of its jurisdiction over the matter and therefore nothing was pending there. While notice of appeal does in one sense deprive the district court of jurisdiction, that deprivation is neither complete nor permanent. During the pendency of the appeal, the district court retains authority with respect to a criminal defendant's custody. 18 U.S.C. § 3148. In fact, when Johnson's alleged conduct was discovered, his bail was revoked. When the appeal is completed, the matter will return to the district court for further proceedings in accord with the decision of the appellate court or if none are necessary for execution of the district court's mandate. *See* Fed.R.App.P. 41(a).

The real thrust of Johnson's contentions seems to be that his conduct could not have affected the administration of justice in the district court, that because the action had now progressed to the stage of appellate review no possible causative link existed between the conduct charged with respect to a trial court witness and the administration of justice in the trial court. The Government suggests to this that Johnson could have filed a motion for a new trial despite the pendency of his appeal. Johnson responds that he did not file such a

---

1. The full indictment provides:

   "That on or about the 28th day of October, 1976, in the Eastern District of North Carolina, Allen Ray Johnson did corruptly endeavor to influence, obstruct and impede the due administration of justice in the United States District Court for the District aforesaid, in that the said Allen Ray Johnson, knowing that one Larry Damus Williams had testified as a witness in the case of *United States of America v. Allen Ray Johnson, Charles Lewis Williams, and Johnny Clayborn Parker*, Criminal Number 76–42–CR–5, Raleigh Division, United States District Court for the District aforesaid, which case had been tried in Wilmington, North Carolina, on September 20, 21, 22 and 23, 1976, urged, advised and

   attempted to persuade Larry Damus Williams to falsely recant testimony given by Larry Damus Williams at said trial, in violation of the provisions of Title 18, United States Code, Section 1503."

2. *Taran v. United States*, 266 F.2d 561 (8th Cir. 1959), the only case that appears to be even remotely related to this question, arose under 18 U.S.C. § 1505, the comparable statute for administrative proceedings. That case, however, involved two separate proceedings that sought a common end, sandwiched around the conduct asserted to be an obstruction of justice. The first had terminated before the obstructive conduct occurred; the second had not yet begun.

motion and that even had he done so the district court could not have granted it during the pendency of the appeal. *Rakes v. United States*, 163 F.2d 771, 772–73 (4th Cir. 1947) (per curiam); Fed.R.Crim.P. 33. He then suggests that the Government's approach is too open-ended for a new trial motion can be made at any time within two years of the final judgment. Fed.R.Crim.P. 33.

We need not sift through the nuances of these arguments for insofar as what is sought is a causative link between the conduct charged and an obstruction of justice, Johnson's own appeal provided it. Among the grounds urged in that appeal were several relating to the admissibility of testimony at the trial. Brief for Appellant, *United States v. Williams*, 559 F.2d 1243 (4th Cir. 1977). Had he prevailed on any of these points, his conviction could have been vacated and the cause remanded to the district court for a new trial. The conduct charged might of course affect the course of any new trial.

This appeal does not present the occasion for us to delineate for the purpose at issue the full duration of a criminal prosecution in the district court. We need only hold that for this purpose a criminal action remains pending in the district court until disposition is made of any direct appeal taken by the defendant assigning error that could result in a new trial. This resolution expresses no opinion on whether a proceeding remains pending in other circumstances.

■ Johnson also complains that the indictment does not explain how he would have exploited the falsely recanted testimony he allegedly sought to procure. We believe the indictment charges an offense against the United States. To the extent, if any, that it fails adequately to apprise defendant of the charges against him, that deficiency may be cured by discovery or by a bill of particulars. *United States v. Duncan*, 598 F.2d 839 (4th Cir. 1979).

The order of the district court quashing the indictment is reversed and the case is remanded for further proceedings.

*REVERSED AND REMANDED.*