**UNITED STATES of America,**

v.

**John C. PEASLEY, Defendant.**

**Crim. No. 90–00001–B.**

United States District Court, D. Maine.

July 18, 1990.

Frederick Emery, Asst. U.S. Atty., Port-
land, Me., for plaintiff.

Marvin H. Glazier, Vafiades, Brountas, &
Kominsky, Bangor, Me., for defendant.

## MEMORANDUM DECISION

HORNBY, District Judge.

The two-count Indictment returned
against this defendant charges that as a
grand juror he "corruptly did knowingly
and intentionally endeavor to influence, ob-
struct and impede the due administration
of justice in the United States District
Court for the District of Maine" in violation
of 18 U.S.C. section 1503.

## FACTS

On December 19, 1989, John C. Peasley
was a member of the grand jury in this
Court. On that date, the grand jury was in
session. He attended and heard certain
testimony. Peasley had previously been
advised of his obligation under Fed.R.
Crim.P. 6(e)(2) not to disclose matters oc-
curring before the grand jury.

That day at lunch time Peasley went to
the New Waverly Restaurant where he
consumed four or five alcoholic drinks.
While there, he saw one of the targets of
the grand jury investigation enter for
lunch. He had previously known this indi-
vidual and, indeed, had lived with him for
some time several years earlier. He went
outside the restaurant with the target, told
him that he was under investigation by the
grand jury, mentioned two other mutual
acquaintances whose names had also come
up that morning, and advised the target
not to use his telephone because the
Government was checking his phone
records. Peasley did not know that the
target had already begun cooperating with
the Government. When the target attend-
ed a previously planned meeting with
Government investigators that afternoon,
he told them what had happened. As a
result, and after making several phone
calls to find out where Peasley lived, the
target visited Peasley's apartment that eve-
ning wearing a body wire. Peasley had
apparently again been drinking and was
asleep in front of the television set when
the target arrived. He talked with the
target again, however, confirming the fact
that the Government had his phone records
and referred to the fact that the target was
being called a "major supplier in this area."
Peasley also revealed his awareness of the
seriousness of what he was doing, saying
to the target when asked if he was going to
warn a mutual acquaintance, "Well, I don't
wanta clue too many people in ...
[b]ecause if they ever trace it back to me
I'm just putting myself in [expletive delet-
ed] jeopardy. I'm not suppose[d] to say a

[expletive deleted] word.... I mean if anything ever come up, I'd deny it."

## LAW

Peasley has been charged with two counts of endeavoring to obstruct justice, one for the lunchtime meeting and one for the evening conversation.

■■■ The obstruction of justice statute provides:

> Whoever corruptly, or by threats or force, or by any threatening letter or communication, endeavors to influence, intimidate, or impede any grand ... juror ... in the discharge of his duty, or injures any such grand ... juror in his person or property on account of any ... indictment assented to by him, or on account of his being or having been such juror, ... *or corruptly or by threats or force, or by any threatening letter or communication, influences, obstructs, or impedes, or endeavors to influence, obstruct, or impede, the due administration of justice, shall be fined not more than $5,000 or imprisoned not more than five years, or both.*

18 U.S.C. § 1503 (emphasis supplied). Since Peasley was himself a grand juror, the initial parts of the statute do not apply to his conduct. The statute applies, if at all, only by virtue of the emphasized portion, generally known as the omnibus clause. Although there have been sugges-

tions in some of the cases that the rule of *ejusdem generis* limits the scope of the omnibus clause, *see United States v. Metcalf*, 435 F.2d 754, 756–57 (9th Cir.1970), it is now generally accepted that the omnibus clause applies to any obstruction of justice, *see United States v. Howard*, 569 F.2d 1331, 1333 (5th Cir.1978). Peasley has not argued that he is outside the scope of the omnibus clause simply because he was a grand juror.[1]

■■■ Instead, Peasley argues that the Government has failed to prove that whatever he did here carried the necessary intent under the statute, specifically that he acted "corruptly." (There is no suggestion of any threat, force, or threatening letter or communication.) In this respect, he points out that there is no evidence of any bribe or any attempt at monetary gain or its equivalent. He also suggests that there is no proof that he was endeavoring to obstruct justice.

There might be room for debate whether the specific intent requirement of the statute—that the disclosure be done "corruptly"—is satisfied under some breaches of secrecy—for example, if a grand juror tells a family member at the end of the day what he or she has heard. But I have no doubt that when the Government proves that a grand juror tells a person he believes to be a target of a grand jury investigation that that person is indeed a target of the

---

1. The rule of secrecy that governs grand jurors is stated in Fed.R.Crim.P. 6(e)(2): "A grand juror ... shall not disclose matters occurring before the grand jury." The rule also says that "no obligation of secrecy may be imposed on any person except in accordance with this rule," and provides that a "knowing violation ... may be punished as a contempt of court." Although there is an intimation in one case that this language may limit the type of enforcement action that may be brought against those who are subject to it, *see United States v. Jeter*, 775 F.2d 670, 675 (6th Cir.1985), ("The surrounding language clearly supports the view that this limitation refers only to action against the aforementioned class of individuals who owe a formal and on-going obligation of secrecy ..."); *but see id.*, 775 F.2d at 679 n. 9 ("Grand jury personnel who are punished with contempt for a 'knowing' violation of Rule 6(e) cannot also be punished under the obstruction of justice statute for disclosures *unless* they possess a sufficiently

purposeful 'corrupt' intent.") (emphasis supplied), the law in this Circuit is that it limits only the categories of people against whom the secrecy rule can run. *See In re Grand Jury Proceedings*, 814 F.2d 61, 68–69 (1st Cir.1987); *see also* 1 C. Wright, Federal Practice and Procedure, Criminal § 106 at 246–47. Clearly, a grand juror is within the scope of the secrecy rule imposed by Rule 6(e)(2). Although Rule 6(e)(2) permits a grand juror's breach of secrecy to be treated as a contempt of court, the permissive language "may be punished as a contempt" does not require that it be so treated. Particular conduct may be subject to sanctions under both the contempt power and the obstruction of justice statute. *See Howard*, 569 F.2d at 1336 n. 8 (5th Cir.1978); *United States v. Harris*, 558 F.2d 366 (7th Cir.1977); *Pettibone v. United States*, 148 U.S. 197, 206, 13 S.Ct. 542, 546, 37 L.Ed. 419 (1893); *In re Savin*, 131 U.S. 267, 9 S.Ct. 699, 33 L.Ed. 150 (1889).

investigation, provides some details of the investigation, including what the prosecutors have learned, and warns that person against specific activity (here, phone use), the Government has proved a corrupt endeavor to obstruct justice. There is no separate requirement of economic gain. The requirement that the endeavor be corrupt means only "that the act must be done with the purpose of obstructing justice." *United States v. Rasheed,* 663 F.2d 843, 852 (9th Cir.1981), *cert. denied,* 454 U.S. 1157, 102 S.Ct. 1031, 71 L.Ed.2d 315 (1982); *accord, United States v. Brand,* 775 F.2d 1460, 1465 (11th Cir.1985) ("the term 'corruptly' is the specific intent of the crime"). This specific intent requirement of the statute has been satisfied here. Peasley does not argue that he had consumed so much alcohol on either occasion that he was unable to form the necessary intent. He admits that he knew telling the target was wrong. His explanation is that his only goal was to help his one-time friend get off drugs and that he felt sorry for him. I am, however, satisfied that Peasley's disclosures of information on two occasions to a target of the grand jury were attempts to interfere with the Government's investigation of his former friend by warning him. These amount to corrupt endeavors[2] to obstruct the due administration of justice under the statute.

I find the defendant GUILTY, therefore, on both counts.

The United States Probation Office shall prepare a presentence report.

---

**2.** As construed in this Circuit, the term "'endeavor' connotes a somewhat lesser threshold of purposeful activity than 'attempt.'" *United States v. Tedesco,* 635 F.2d 902, 907 (1st Cir. 1980) (quoting *United States v. Lazzerini,* 611 F.2d 940, 941 (1st Cir.1979)).