

2001 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-21-2001

# United States v. Steele

Precedential or Non-Precedential:

Docket 99-3567

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2001

Recommended Citation

"United States v. Steele" (2001). *2001 Decisions.* Paper 28.
http://digitalcommons.law.villanova.edu/thirdcircuit_2001/28

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2001 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

Filed February 21, 2001

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 99-3567

UNITED STATES OF AMERICA

v.

CHARLES E. STEELE,
        Appellant

ON APPEAL FROM THE
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
D.C. Crim. No. 96-cr-67
District Judge: The Honorable Maurice B. Cohill, Jr .

Argued: January 18, 2001

Before: ROTH, BARRY, Cir cuit Judges and
SHADUR,* District Judge

(Opinion Filed: February 21, 2001)

        Thomas W. Patton, Esquire (Argued)
        Office of Federal Public Defender
        113 West 9th Street
        Erie, Pennsylvania 16501

         Attorney for Appellant

_____

* The Honorable Milton I. Shadur, United States District Judge for the
Northern District of Illinois, sitting by designation.

Bonnie R. Schlueter, Esquire
 (Argued)
Assistant United States Attorney
Office of United States Attorney
633 United States Post Office
 & Courthouse
Pittsburgh, Pennsylvania 15219

 Attorneys for Appellees

OPINION OF THE COURT

BARRY, Circuit Judge.

Charles Steele was indicted in April 1996 for mail fraud stemming from a scheme to overbill his lawfirm's clients and for obstruction of justice for submitting alter ed documents in response to a March 15, 1994 grand jury subpoena. Following an eight-day jury trial, Steele was found guilty of mail fraud and four of five obstruction counts. The District Court sentenced Steele to 33 months imprisonment, three years of supervised r elease, and restitution. Steele appealed to this Court, and we affirmed his conviction. United States v. Steele, 135 F.3d 768 (3d Cir. 1997), reh'g denied, (unpublished 1/7/98), cert. denied, 118 S. Ct. 2356, reh'g denied , 119 S.Ct. 287 (1998).

On January 13, 1999, Steele filed a motion to vacate his sentence pursuant to 28 U.S.C. S 2255. He contended that the evidence supporting the obstruction of justice counts was insufficient to meet the standard set forth in United States v. Nelson, 852 F.2d 706 (3d Cir . 1988), and that his attorney had provided ineffective assistance in not making an argument based on Nelson at trial. The basis of Steele's claim was that the government did not pr ove that the March 15 subpoena had been issued as part of an actual grand jury investigation. The District Court denied the motion, holding that the sufficiency of the evidence had previously been litigated. As to the inef fective assistance claim, the Court noted that trial counsel had moved to dismiss the obstruction charge citing, inter alia, Nelson. The

2

Court stated that Steele's counsel had raised the issue in a trial brief, in a Motion for Judgment of Acquittal, before and at the charge conference, and on appeal.

The District Court denied Steele's request for a certificate of appealability, but this Court granted the r equest and certified for appeal two questions: "(1) whether appellant is entitled to an evidentiary hearing on his section 2255 motion" in light of Nelson's mandate that a defendant "be afforded an opportunity to question whether the United States Attorney secured the subpoena in furtherance of a then present contemplation that the subpoenaed evidence would be presented to a grand jury," and"(2) if so, and if the facts in this case ultimately show that the subpoena was not secured in furtherance of a then pr esent contemplation that the subpoenaed evidence would be presented to a grand jury, whether appellant is`actually innocent' of the four counts of obstruction of justice." App. III at 731. It is those questions only which we answer.1 Because we conclude that the motion, files, and r ecord of the case conclusively show that the subpoena at issue was "secured in furtherance of a then pr esent contemplation that the subpoenaed evidence would be presented to a grand jury," Steele is not entitled to an evidentiary hearing on his S 2255 motion. See United States v. Day, 969 F.2d 39, 41–42 (3d Cir. 1992). We, thus, answer the first question in the negative and do not reach the second.

A grand jury investigation can be a pending judicial proceeding for purposes of 18 U.S.C. S 1503, but "[n]ot every investigation in which grand jury subpoenas ar e used ripens into a pending grand jury investigation." Nelson, 852 F.2d at 710. As we explained in Nelson , grand jury subpoenas often are issued by Assistant U.S. Attorneys

_____

1. The government has argued, among other things, that certification should not have been granted and that the doctrine of law of the case prohibits reconsideration of the Nelson issue. Without pausing to decide whether the government is right or wrong as to one or both of its arguments, we will move immediately to the certified questions. We note that in considering these questions, we need not consider whether Steele raised his specific claim in haec verba at trial or on appeal and, if not, whether he has shown the cause and prejudice r equired in the traditional S 2255 case for failing to do so.

acting under Fed. Rule Crim. Pro. 17(a) without meaningful judicial oversight. Subpoenas can, therefore, be used to facilitate a prosecutor's or other law enforcement agency's investigation rather than the grand jury's investigation. Id. at 710. On the other hand, rigid rules marking the start of a grand jury investigation "can be easily circumvented by the government and offer the guilty a sanctuary among empty technicalities." Id. (quotation omitted). Therefore, we have "counselled a case by case inquiry into whether the subpoenas were issued in furtherance of an actual grand jury investigation, i.e., whether they were issued `to secure a presently contemplated presentation of evidence before the grand jury.' " Id. (quoting United States v. Walasek, 527 F.2d 676, 678 (3d Cir. 1975)).

By definition, the rejection of rigid rules leaves courts with a rather vague standard by which to determine whether a grand jury investigation was pending at the relevant time. At a minimum, S 1503 requires that a grand jury be sitting at the time the subpoena issues, although the mere existence of a potentially unrelated grand jury sitting in the same district is not enough. United States v. Davis, 183 F.3d 231, 241 (3d Cir. 1999). No formal act is required to establish a pending investigation, however. Walasek, 527 F.2d at 678. Indeed, this Court has rejected suggestions "that an investigation be deemed pending only if (1) the grand jury actually hears testimony, (2) the grand jury plays an active role in the decision to issue the subpoena, or (3) the grand jury is aware of the subpoena at the time of the alleged obstruction of justice." Nelson, 852 F.2d at 710 (citations and quotations omitted). "[A]dding such a gloss to the test laid down in Walasek would frustrate the purpose of the obstruction of justice statute." United States v. Simmons, 591 F.2d 206, 209 (3d Cir. 1979).

The evidence before the trial jury showed that Steele produced documents which were received by the grand jury and signed for by the grand jury deputy foreperson about one month after the issuance of the March 15 subpoena. One of the documents in evidence is the receipt signed by the deputy foreperson, which states that the grand jury was empaneled on March 15, 1994, the same date the subpoena was issued. The subpoena gave Steele's law firm

4

the option to send a representative to appear personally before the grand jury to present the r ecords. Steele's partner, Matthew Hoffman, waived that right in an affidavit admitted into evidence. Moreover, Julia Rhyner, Steele's secretary, testified at trial that postal inspectors interviewed her on February 17, 1994 and advised her that she would be a "witness" rather than a "defendant," indicating that the decision to prosecute Steele was contemplated before the issuance of the grand jury subpoena.

Steele may be correct that none of these facts alone is enough. However, the facts together show that (1) a grand jury existed concurrently with the issuance of the subpoena and either had begun or was prepared to begin an investigation upon receipt of the evidence; (2) the grand jury would have been available for Steele, Hof fman or a representative of the firm to appear before in person had any of them so desired; (3) the evidence was, in fact, given to the grand jury and given in a timely fashion; and (4) there was a then–present contemplation not merely of presenting the subpoenaed evidence to the grand jury but of prosecution. This is more than enough to establish that the subpoena was issued as part of a grand jury investigation and is at least as much as was found sufficient in Nelson. Indeed, in Nelson, the subpoenaed evidence was not received by the grand jury for months, yet we held that "we cannot say that the subpoenas could not have been issued in furtherance of a present contemplation to present evidence to a grand jury." Nelson, 852 F.2d at 711.

One final note. To the extent Steele ar gues that Nelson stands for the proposition that every obstruction case requires testimony from the attor ney who issued the first subpoena, he is incorrect. Nelson actually states that:

> A party on trial for obstruction of a grand jury investigation alleged to have begun upon the issuance of a grand jury subpoena must be affor ded an opportunity to question whether the United States Attorney or his or her representative secured the subpoena in furtherance of a then present contemplation that the subpoenaed evidence would be presented to a grand jury.

5

Id. (emphasis added). Read in context, this passage from Nelson merely reiterates our r eluctance to establish some technicality as proof of the existence of a pending proceeding. We specified that a defendant must be allowed to question "whether" the Assistant U.S. Attor ney contemplated presentation to a grand jury, not that the defendant must be able to actually question the Assistant himself or herself.

Given that we find, as a matter of law, that the evidence warrants rejection of Steele's Nelson claim, we also reject his suggestion that the jury instructions for eclosed inquiry into whether the government met its Nelson burden. We find, in any event, that they did no such thing.

A True Copy:
Teste:

       Clerk of the United States Court of Appeals
       for the Third Circuit