United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 16, 2003**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

No. 02-50617
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-

Appellee,

versus

MARCO GARCIA,

Defendant-

Appellant.

---------------------------------------------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. DR-01-CR-388-1-OG
---------------------------------------------------------

Before JONES, STEWART and DENNIS, Circuit Judges.

PER CURIAM:[*]

Marco Garcia appeals his conviction on one count of obstructing the administration of justice.

18 U.S.C. § 1503. He argues that (1) the evidence was insufficient to sustain his conviction, (2) the

district court erred in denying his motion for a new trial based on the insufficiency of the evidence,

and (3) the district court's jury instructions constructively amended his indictment.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

To prove that Garcia obstructed justice, the Government had to establish that: (1) a judicial proceeding was pending; (2) Garcia knew of the judicial proceeding; and (3) Garcia acted corruptly with the specific intent to influence, obstruct, or impede that proceeding in its due administration of justice. See United States v. Sharpe, 193 F.3d 852, 864 (5th Cir. 1999); 18 U.S.C. § 1503. Considering the evidence in the light most favorable to the jury's verdict, a reasonable trier of fact could have found that the evidence established Garcia's knowledge of a pending judicial proceeding involving Terry Sparkman. See United States v. Mendoza, 226 F.3d 340, 343 (5th Cir. 2000); United States v. Howard, 569 F.2d 1331, 1336-37 (5th Cir. 1978). The evidence was also sufficient to allow a reasonable trier of fact to conclude that, by informing Sparkman that his name was before a grand jury, Garcia had the specific intent to obstruct the due administration of justice. See Sharpe, 193 F.3d at 865.

Because we have determined that the evidence was sufficient to support Garcia's conviction, the district court's denial of Garcia's motion for a new trial based on the alleged insufficiency of the evidence was not an abuse of its discretion. See United States v. Ortiz, 942 F.2d 903, 913 (5th Cir. 1991).

Due to Garcia's failure to raise the issue in the district court, our review of Garcia's constructive amendment argument is limited to plain error. See United States v. Fletcher, 121 F.3d 187, 192-93 (5th Cir. 1997). Our review of the indictment and the jury charge fails to show such error. See United States v. Mikolajczyk, 137 F.3d 237, 244 (5th Cir. 1998).

AFFIRMED.