**Terry B. CARLSEN, Petitioner,**

v.

**Lawrence MORRIS, Warden, Utah State Prison, Respondent.**

**No. C 82–0255A.**

United States District Court,
D. Utah, C.D.

Sept. 24, 1982.

Terry B. Carlsen, pro se.

David L. Wilkinson, Utah Atty. Gen., Salt Lake City, Utah, for respondent.

## ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS

ALDON J. ANDERSON, Chief Judge.

Petitioner Terry B. Carlsen was convicted without a jury on March 28, 1980, of tampering with a witness, a third degree felony under Section 76–8–508(1)(d), Utah Code Ann.1953, Volume 8B, Criminal Code, 1978 Edition. After exhausting his remedies in the state courts he petitioned this court for a writ of habeas corpus on April 1, 1982, on the following grounds: (1) the statute under which he was convicted is unconstitutionally vague and overbroad; (2) his conviction violates the due process clause of the fourteenth amendment because there was insufficient evidence to support a finding of guilt beyond a reasonable doubt; and (3) the state knowingly used extraneous evidence not in the trial court record to obtain affirmance of petitioner's conviction before the Supreme Court of Utah.

On April 2, 1982, this case was referred to the magistrate for his report and recommendation as to the proper resolution of the petition. On June 17, 1982, the petitioner amended his petition to delete the third ground for relief, that the State knowingly used extraneous evidence. The magistrate has now submitted his report and recommendation that the petition for writ of habeas corpus be dismissed, and the petitioner has filed his objections to the magistrate's report and recommendation.

This court has made a *de novo* review of the trial court record, the opinion of the Utah Supreme Court on petitioner's appeal from his conviction, the motions and memoranda filed in connection with this petition, and the magistrate's report and recommendation. Based on that review this court determines that the report and recommendation of the magistrate are essentially correct. Specifically, the court determines as follows, in response to the objections of the petitioner:

I

The petitioner's first objection is based on a misreading of the magistrate's report and recommendation. He objects to the magistrate's conclusion that the petition may not be properly before this court because the petitioner failed to exhaust appeal remedies under 28 U.S.C. § 1257(2). However, that was not the conclusion of the magistrate. He specifically found that the "petition is properly before this court." Though the report and recommendation expressed some doubt as to whether the petitioner's vagueness and overbreadth claims should properly be considered by the court, citing the order of this court in *Haig v. Weber County,* C 78–0064, dated November 6, 1978, it nevertheless considered and rejected these claims on their merits. This court agrees that the claims should be considered on the merits and be rejected, as discussed below.

## II

Petitioner's second objection involves his claims that the statute under which he was convicted is unconstitutionally vague and its application to him violated his first amendment freedom of speech and expression.

His first argument under this objection is that the conduct for which he was convicted was pure speech and did not fall under any of the "narrowly limited classes of speech" not protected by the first amendment. *Hess v. Indiana*, 414 U.S. 105, 94 S.Ct. 326, 38 L.Ed.2d 303 (1973). However, the classes of nonprotected speech identified in *Hess* are not exhaustive. Threats, for example, similar to the kind involved in this case have been proscribed by numerous statutes the constitutionality of which are unquestioned. Statutes prohibiting terroristic threats, extortion, blackmail, and the like, though often applied to conduct involving "pure speech," have been consistently enforced and upheld. As an illustration, the federal statute that prohibits threatening death or bodily harm upon the President of the United States, 18 U.S.C. § 871(a), has been upheld by the Supreme Court of the United States against a first amendment challenge that it prohibits "pure speech." *Watts v. United States*, 394 U.S. 705, 89 S.Ct. 1399, 22 L.Ed.2d 664 (1969).

■ The statute involved in this case, section 76–8–508(1)(d), Utah Code Ann. 1953, Volume 8B, Criminal Code, 1978 Edition, provides:

A person is guilty of a felony of the third degree if:

(1) Believing that an official proceeding or investigation is pending or about to be instituted, he attempts to induce or otherwise cause a person to:

.     .     .     .     .

(d) Absent himself from any proceeding or investigation to which he has been summoned.

The intent of the statute is to prevent interference with the fair administration of justice, an unquestionably compelling governmental interest. "A State may adopt safeguards necessary and appropriate to assure that the administration of justice at all stages is free from outside control and influence." *Cox v. Louisiana*, 379 U.S. 559, 562, 85 S.Ct. 476, 480, 13 L.Ed.2d 487 (1965). Such conduct "is subject to regulation even though intertwined with expression and association." *Id.* at 563, 85 S.Ct. at 480. Petitioner was convicted of attempting to induce or cause a witness in a state proceeding to absent himself from that proceeding by use of threats. Though his conduct involved speech, the compelling interest of the state in preserving the integrity and fairness of its judicial system outweighs whatever first amendment interests the petitioner may have in this case. Indeed, as the magistrate noted in his report and recommendation, the federal courts have upheld a federal statute similar to the Utah statute in question here against constitutional challenges similar to the petitioner's in this case. *See, Anderson v. United States*, 215 F.2d 84 (6th Cir.1954), *cert. denied sub nom., Lewis v. United States*, 348 U.S. 888, 75 S.Ct. 208, 99 L.Ed. 698, *rehearing denied*, 348 U.S. 922, 75 S.Ct. 291, 99 L.Ed. 723, *United States v. Howard*, 569 F.2d 1331 (5th Cir.1978), both upholding 18 U.S.C. § 1503. Accordingly, the court finds that application of section 76–8–508(1)(d), Utah Code Ann.1953, Volume 8B, Criminal Code, 1978 Edition, to the petitioner in this case did not constitute a violation of his first amendment freedoms of speech and expression.

Petitioner objected to the comparison of section 76–8–508(1)(d) of the Utah Code with 18 U.S.C. § 1503, claiming that the federal statute requires the use of some type of threat or force, while the Utah statute does not. His assertion is incorrect. The federal statute provides, in pertinent part:

Whoever corruptly, *or* by threats or force, *or* by any threatening letter or communication, endeavors to influence, intimidate, or impede any witness, in any court of the United States ... in the discharge of his duty ... shall be fined not more than $5,000 or imprisoned not more than five years, or both.

18 U.S.C. § 1503 (1976) (emphasis added). In this statute the proscribed means of endeavoring to influence witnesses are stated in the disjunctive. Though threats and force are certainly prohibited, any type of "corrupt" endeavor, such as bribery for example, is sufficient to constitute a violation of the federal statute. *See e.g., Broadbent v. United States,* 149 F.2d 580 (10th Cir. 1945). Thus, this federal statute, which has been held constitutional by the federal courts, is aptly analogous to the Utah statute challenged by the petitioner.

■ Petitioner further complains that the magistrate's report and recommendation fails to state any specific facts from the record to support the conclusion that the application of the statute did not violate petitioner's rights to freedom of speech and expression. However, the facts and testimony cited by the magistrate in considering the petitioner's insufficient evidence claim are adequate to show that the petitioner's first amendment freedoms have not been violated. That evidence will be reviewed below.

Petitioner's final argument under his second objection is the general statement that the statute under which he was tried and convicted is unconstitutionally vague and its application was overbroad. The overbroad application claim is considered and rejected above. The vagueness claim is likewise without merit.

■ The magistrate was correct in concluding that the Utah statute is not unconstitutionally vague. Fair notice of the offending conduct is all that the Constitution requires. *Papachristou v. City of Jacksonville,* 405 U.S. 156, 92 S.Ct. 839, 31 L.Ed.2d 110 (1972). And the test for such notice is "whether the language conveys sufficiently definite warning as to the proscribed conduct when measured by common understanding and practices." *Jordan v. De George,* 341 U.S. 223, 231–32, 71 S.Ct. 703, 708, 95 L.Ed. 886 (1951), *citing Connally v. General Construction Co.,* 269 U.S. 385, 46 S.Ct. 126, 70 L.Ed. 322 (1926). The statute here meets that test. It provided fair notice to the petitioner that telling a witness

not to go through with a court appearance on threat of bodily harm was proscribed by law.

## III

By his third objection petitioner questions the magistrate's recommendation that this court find the evidence at trial sufficient to support petitioner's conviction. He claims that the evidence, when taken as a whole, does not furnish proof of guilt beyond a reasonable doubt to a rational trier of fact. Petitioner rests his claim on *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), in which the United States Supreme Court held that a federal habeas corpus court reviewing a sufficiency of the evidence claim must consider whether there was sufficient evidence to justify a rational trier of fact in finding guilt beyond a reasonable doubt. The relevant question in such a review is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 319, 99 S.Ct. at 2789 (emphasis in original).

In this case the evidence is undisputed that petitioner was the defendant in a criminal trial to be held in Logan, Utah on September 13, 1979, and that Paul Hardy was to be the chief prosecution witness at that trial. It is also undisputed that petitioner and his friend Alan Teeples met Paul Hardy in the Cache Valley Mall on the morning of September 12, 1979; and it appears undisputed that Alan Teeples, with petitioner nearby within hearing range, called Paul Hardy a sonofabitch and warned him not to "go through with court" the following day (though petitioner claimed in his testimony that he did not hear this warning).

The conflicting evidence involves the crucial question whether Teeples' conduct was at the instigation of petitioner. Teeples testified at trial that petitioner told him to "call [Hardy] a sonofabitch and anything else I wanted to say and to tell him that he better not show up for court the next day."

(Tr. 69) During cross-examination of Teeples, counsel for petitioner introduced a tape recorded telephone conversation between Teeples and petitioner in which Teeples apparently admitted that the confrontation with Hardy was all his own idea. Teeples indicated in court that he did not recall the conversation but he acknowledged the tape recording. His explanation for the prior conversation was that he "was confused at that time" (when the conversation was recorded), but he was not confused about his testimony at trial. Petitioner's father also testified that Teeples had previously told him that the confrontation with Hardy had been at Teeples' own instigation. Petitioner himself testified that he neither told Teeples to warn Hardy about showing up in court nor did he hear Teeples do so.

■ Thus there was conflicting evidence about whether petitioner instigated the attempt to influence Paul Hardy not to testify against the petitioner in the Logan City Court. When considering a habeas corpus challenge to the sufficiency of the evidence in a state criminal proceeding, this court is to construe the record evidence in a light most favorable to the prosecution. *Jackson, supra.* It is not this court's function to weigh conflicting evidence or to pass on the credibility of the witnesses. As the Supreme Court said in *Jackson,* "a federal habeas corpus court faced with a record of historical facts that supports conflicting inferences must presume—even if it does not affirmatively appear in the record—that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." 443 U.S. at 326, 99 S.Ct. at 2793. The testimony of Alan Teeples is substantial evidence in support of the trial court's conclusion. Though there was conflicting evidence, the trial court found in favor of the prosecution. As the trier of fact he weighed the credibility of the witnesses and rationally found beyond a reasonable doubt that petitioner was guilty of the charged offense. The evidence viewed in the light most favorable to the prosecution supports that conclusion.

## IV

■ The petitioner's final objection to the magistrate's report and recommendation is that it recommends denial of his petition without an evidentiary hearing. There is no need for an evidentiary hearing in this case. Petitioner alleges no facts that were not considered by the trial court, where he received a full, fair and adequate hearing. As the Supreme Court noted in *Jackson, supra,* "this type of claim can almost always be judged on the written record without need for an evidentiary hearing in the federal court." 443 U.S. at 322, 99 S.Ct. at 2791. None of the provisions of 28 U.S.C. § 2254(d) or of *Townsend v. Sain,* 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963) apply here.

## V

Petitioner's motion for appointment of counsel, filed May 19, 1982, was not acted upon by the magistrate, pending his determination of the merits of petitioner's claims. Based on the court's determination of the merits, the motion will be denied.

Since the filing of the magistrate's report and recommendation, petitioner, on September 16, 1982, filed a motion to amend the petition, substituting the members of the Utah Board of Pardons for Lawrence Morris as the respondents to the petition. The motion is based on the grounds that petitioner has been released from the custody of the Warden of the Utah State Prison, Lawrence Morris, and is now on parole under restraint of the Utah Board of Pardons. This motion is granted to the extent necessary for the petitioner to present a valid claim. Both the deleted and substituted respondents are agents of the State, which has been fully represented in these proceedings.

Accordingly,

IT IS HEREBY ORDERED that the petition of Terry B. Carlsen for a writ of habeas corpus be denied, and that his motion for the appointment of counsel also be denied.

IT IS FURTHER ORDERED that Lawrence Morris, Warden of the Utah State

Prison, be deleted from the petition as respondent and that the Utah Board of Pardons, consisting of Thomas R. Harrison, Chairman; Harriet L. Marcus, Vice Chairperson; Edward L. Kimball, member; Daily E. Oliver, member; and Victoria J. Palacios, member, be joined as respondents to the petition.