**In re GRAND JURY FOR the NOVEMBER, 1974 TERM.**

**Misc. Cr. No. 203.**

United States District Court, W. D. New York.

June 14, 1976.

---

Doyle, Diebold, Bermingham & Gorman, Buffalo, N.Y. (Vincent E. Doyle, Jr., Buffalo, N.Y., of counsel; Mark J. Mahoney, Buffalo, N.Y., on the Memorandum and Supplemental Memorandum), for petitioner.

Richard J. Arcara, U.S. Atty., Buffalo, N.Y. (Theodore J. Burns, Buffalo, N.Y., of counsel), for the Government.

CURTIN, Chief Judge.

On May 21, 1976, the attorney for petitioner Kevin Brinkworth filed a motion seeking the discharge of this grand jury or, in the alternative, a stay of the grand jury proceedings so that the court may examine the transcript and direct a hearing concerning the manner in which the grand jury investigation has been conducted. The attorney's affidavit in support of the motion alleges that the proceedings before the grand jury "have been contaminated by several incidents which demonstrate that this grand jury has been the object of undue influence by the Assistant United States Attorneys involved." In addition, the petitioner contends that the grand jury's term has expired and that it sits without legal authority.

During the grand jury proceedings, some witnesses were told that their testimony was unbelievable. Witnesses were asked about their social relationship with Mr. Brinkworth, whether or not they had had any discussions with him following the receipt of subpoenas and whether he assisted in the retaining of attorneys for them. Petitioner's attorney also alleges that threats were made to potential witnesses or families and that the questioning was carried on in an "inquisitorial fashion." In addition, the long duration of the proceedings is cited as further evidence that the proceedings have been improperly conducted to harass Mr. Brinkworth. These allegations were made in the general fashion just stated. No grand jury witnesses were named.

The United States Attorney has filed a responding affidavit and a memorandum of law, and the petitioner's counsel has had an

opportunity to file a reply memorandum. In addition, the court has heard oral argument in chambers from petitioner's counsel in support of his application.

■ Since this matter is pending before the grand jury, it is questionable whether the petitioner has standing to bring such a motion. None is provided for in the rules or statutes. Nevertheless, the court has a responsibility to oversee the work of grand juries and, if particular facts are called to its attention where serious abuse is occurring, there is no doubt that the court would have the right and the responsibility to see to it that fair procedures are followed in grand jury presentations. *See Application of Iaconi*, 120 F.Supp. 589 (D.Mass.1954). In this case, however, the challenge to the work of the grand jury is made on an attorney's affidavit only and even that fails to set forth in detail any improper conduct by the United States Attorney in presenting witnesses to the jury. It would appear that under the circumstances the application of the petitioner is premature. *In re Grand Jury Investigation (General Motors Corp.)*, 32 F.R.D. 175, 180–181 (S.D.N.Y.1963), *appeal dismissed sub nom. In re Grand Jury Investigation of Violations of 18 U.S.C. § 1621 (Perjury)*, 318 F.2d 533 (2d Cir. 1963). The Seventh Circuit held *In re April 1956 Term Grand Jury*, 239 F.2d 263, 273 (7th Cir. 1956), that a person who seeks to challenge the regularity of grand jury proceedings should "be required to await the return of said indictment before having a hearing in the trial court on [his] contentions that [his] constitutional rights were violated."

The Supreme Court has noted on numerous occasions that the grand jury must be accorded wide latitude to inquire into violations of criminal law. *See United States v. Calandra*, 414 U.S. 338 [94 S.Ct. 613, 38 L.Ed.2d 561] (1974); *Branzburg v. Hayes*, 408 U.S. 665, especially at 701–702 [92 S.Ct. 2646, 33 L.Ed.2d 626] (1972). The response of the United States Attorney indicates that over 100 witnesses have appeared before the grand jury and that the transcript of the testimony runs into thousands of pages. Numerous exhibits have also been received by the grand jury.

■ It is apparent from a reading of the affidavit of the petitioner and the response of the United States Attorney that the petitioner has failed to indicate in any way such serious misconduct that the court should interfere with the regular grand jury proceedings. Many of the areas complained about appear to be proper subjects of inquiry. For instance, it is proper for the United States Attorney to question a witness about his social, family and business relationships with others who may be the subject of inquiry. These lines of questioning could obviously shed some light on the interest, bias or credibility of the witness. Questions about the witness' conversations with a person who is the subject of inquiry, including advice given or arrangements made, are certainly within the proper bounds of inquiry. *See* Title 18, U.S.C. §§ 1503, 1622; *United States v. Stofsky*, 527 F.2d 237, 249 (2d Cir. 1975); *United States v. Cioffi*, 493 F.2d 1111, 1118–1119 (2d Cir. 1974), *cert. denied*, 419 U.S. 917 [95 S.Ct. 195, 42 L.Ed.2d 155] (1974).

18 U.S.C. § 1623(d) states:

Where, in the same continuous court or grand jury proceeding in which a declaration is made, the person making the declaration admits such declaration to be false, such admission shall bar prosecution under this section if, at the time the admission is made, the declaration has not substantially affected the proceeding, or it has not become manifest that such falsity has been or will be exposed.

■ If the United States Attorney believes that a witness has testified incorrectly or falsely, it is proper for the witness to be "cautioned relative to perjury," *see United States v. Cuevas*, 510 F.2d 848, 852 (2d Cir. 1975), and the witness may be advised of the opportunity to recant under § 1623(d). *See United States v. Lardieri*, 497 F.2d 317, *rev'd* 506 F.2d 319 (3d Cir. 1974).

■ No facts have been brought to the court's attention by petitioner which would

warrant interference with proceedings of the grand jury at this time. If an indictment is not returned, then these questions become moot. If an indictment is returned, then counsel is free to reurge all of the present motions giving detailed reasons.

Fed.R.Crim.P. 6(g) states that "[a] grand jury shall serve until discharged by the court but no grand jury may serve more than 18 months. The tenure and powers of a grand jury *are not affected by the beginning or expiration of a term of court.*" (emphasis added).

It appears from a review of the Clerk's records that this grand jury has been properly impaneled. *See United States v. Macklin,* 523 F.2d 193, 195 (2d Cir. 1975). The application by petitioner's attorney for a stay of the proceedings before the grand jury has previously been denied by oral order. At this time, the application of petitioner in its entirety is dismissed.

So ordered.