The UNITED STATES of America

v.

Jerry FASOLINO, Defendant.

Crim. No. 77–156.

United States District Court,
W. D. New York.

May 9, 1978.

Richard D. Endler, U. S. Dept. of Justice, Organized Crime and Racketeering Section, Buffalo, N. Y., for Government.

Doyle, Diebold, Bermingham, Gorman & Brown, Vincent E. Doyle, Jr., Buffalo, N. Y., for defendant.

MEMORANDUM and ORDER

ELFVIN, District Judge.

The above named defendant having been indicted September 28, 1977 for having "corruptly" endeavored to influence a judge of this court and to influence, obstruct and impede the due administration of justice in

this court and I having by an Order filed January 31, 1978 denied said defendant's motions for a pre-trial suppression of another's statement and for a dismissal of the Indictment, defendant now has moved for my reconsideration or further consideration of said motion to dismiss and urges, particularly, that nothing alleged in the Indictment (including the "manner and means" exemplified and set forth in sub-paragraphs 1 through 6 therein) can support a jury's determination that said defendant acted corruptly.

Admittedly, said Order focused on whether there could be shown an "endeavor" within the four corners of the Indictment. However, the following is set forth in the Order:

> "Even where the acts of conduct suggested by the defendant to a third party are not *per se* criminal, a corrupt motive on the part of the defendant in suggesting the course of conduct subjects him to prosecution under 18 U.S.C. § 1503. In *United States v. Cioffi* [493 F.2d 1111 (2d Cir.), *cert. denied* 419 U.S. 917, 95 S.Ct. 195, 42 L.Ed.2d 155 (1975)] the defendant tried to persuade a witness against him to "take the fifth." The Court of Appeals upheld the defendant's conviction, stating that advising a witness to claim the shield of the Fifth Amendment with a corrupt motive is an obstruction of justice. The court went on to say that the fact that the witness did testify was unimportant, because the endeavor is the gist of the offense."

■ The Government has taken the position that the word "corruptly" means *any* endeavor to influence the jurist. Such contention cannot be literally accepted—particularly, when considered in the context of trying to influence a judge in his sentencing of a convicted criminal. Probation officers routinely make recommendations to me concerning particular sentencings coming before me and the same are clandestinely submitted and clandestinely considered. They accompany the report of the probation officer's pre-sentence investigation, also submitted and considered in like fashion but

thereafter and before allocution exposed to the scrutiny and criticism of counsel. Thereafter, the attorneys and the defendant are invited to address pleas—i. e., allocution—for leniency *vel non* to me as the sentencing judge in open court. Certainly, none of this can be construed as corruptly endeavoring to influence the sentencing judge.

Often the sentencing judge will be the recipient of letters and other submissions urging leniency (usually) in the sentencing of a particular defendant. These come to the judge clandestinely (although many times via the defendant's attorney) and often do not see the light of day or otherwise become known of by the public. It may be—although I do not now find or conclude—that all such submissions ought to be filed or otherwise be subjected to public view and/or scrutiny.

■ A written submission to a judge which has as its basis some particular knowledge of the convicted person and/or of his circumstances and/or of his family's circumstances and/or of the crime of which the person was convicted is not a corrupt endeavor to influence the sentencing judge. This conclusion probably overflows to such a submission by an individual who possesses or believes he can cite some particular relationship to the sentencing judge—e. g., friendship or past or present associations. Where, however, the submission has no such basis and relies substantially upon such relationship, it is most difficult to hold that the approach and endeavor is not corrupt. I refuse to declare that it is not and my conclusion is that it would constitute a corrupt endeavor within the meaning of section 1503 of the Criminal Code. An out-of-court oral entreaty to the judge would always be suspect, mainly because one not standing in such a relationship to the judge usually would not be able to gain the judicial ear.

■ A fair reading of the instant Indictment is that the defendant knew that Crucian Messina, Esq. was not in any position to make a submission to the judge having any of the aforesaid bases and that Mr.

Messina could boast of some such relationship with the judge that might be utilized on behalf of the convicted person and that defendant sought to have Mr. Messina make an oral approach to the judge on the basis of such relationship. If proven, to the satisfaction of the trial jury, a conviction of defendant of a violation of section 1503 would be legally valid.

It is hereby ordered that defendant's motion to dismiss the Indictment is denied.