728 P.2d 303

The STATE of Arizona, Appellee,

v.

Estevan Anthony UPDIKE, Appellant.

No. 2 CA–CR 4191–2.

Court of Appeals of Arizona,
Division 2, Department B.

May 23, 1986.

Review Denied Nov. 4, 1986.

Robert K. Corbin, Atty. Gen. by William J. Schafer III and Gerald R. Grant, Phoenix, for appellee.

Frederic J. Dardis, Pima County Public Defender by John F. Palumbo, Tucson, for appellant.

LIVERMORE, Presiding Judge.

Defendant appeals from his conviction for burglary in the third degree and raises as error two evidentiary rulings. First, he contends that the trial court erred in admitting his statement to a co-participant to "keep your mouth shut and nobody will get in trouble." Second, he argues that fundamental error occurred because the prosecutor implied that he had a prior criminal record by having a co-participant in the crime, while testifying against the defendant, admit that he had been accepted into the adult diversion program because he had no prior convictions. We disagree and affirm.

Defendant's statement "keep your mouth shut and nobody will get in trouble" was an obvious effort to get his co-participant to assert his privilege against self-incrimination in order to protect the defendant himself. As such, it was an obstruction of justice. *United States v. McComb*, 744 F.2d 555 (7th Cir. 1984); *United States v. Baker*, 611 F.2d 964 (4th Cir.1979); *United States v. Cioffi*, 493 F.2d 1111 (2d Cir.), cert. denied, 419 U.S. 917, 95 S.Ct. 195, 42 L.Ed.2d 155 (1974); *Cole v. United States*, 329 F.2d 437 (9th Cir.), cert. denied, 377 U.S. 954, 84 S.Ct. 1630, 12 L.Ed.2d 497 (1964). See also *Maness v. Meyers*, 419 U.S. 449, 470n, 95 S.Ct. 584, 597n, 42 L.Ed.2d 574, 570n (1975). And, such conduct is "an admis-

sion.... that the accused is conscious of guilt." McCormick on Evidence 808 (3d ed. 1984). That such admissions are also subject to conflicting inferences compatible with innocence does not affect their admissibility. The trial judge did not err in admitting the statement. Because no adverse inference from the defendant's own silence was suggested but instead from his efforts to suppress the evidence of others, *Doyle v. Ohio*, 426 U.S. 610, 96 S.Ct. 2240, 48 L.Ed.2d 91 (1976), and *United States v. Hale*, 422 U.S. 171, 95 S.Ct. 2133, 45 L.Ed.2d 99 (1975), have no application.

■ The only direct evidence of defendant's guilt was the testimony of a co-participant. That witness was impeachable, and impeached, for interest because he had been accepted for diversion and probably would never be convicted for this crime. As defense counsel argued, this witness would say anything the prosecutor wanted in order to avoid being charged. During direct examination, the prosecutor sought to draw the sting of his forthcoming impeachment by bringing these facts out. In the course of doing so she had the witness testify that he had not been convicted before. Although no objection to this testimony was made, defendant now contends it was fundamental error because it implied that he had a prior record or else he, too, would have been accepted for diversion. The inference suggested is not the most natural one. We do not believe that the prosecutor's questions were intended to suggest prior criminality by the defendant; their intention, and most obvious import, was minimizing the impeachment of the state's witness. In these circumstances, if there was error at all, it was not fundamental error and the failure to object was a waiver.

Affirmed.

BIRDSALL and LACAGNINA, JJ., concur.