UNITED STATES of America,
Appellee,

v.

Anthony FELIZ, also known as Anthony Felix, also known as Otoniel Feliz; Tony Mercedes, Defendants–Appellants.

Docket Nos. 01–1254(L), 01–1260(CON).

United States Court of Appeals,
Second Circuit.

On Submission: March 7, 2002.

Decided April 3, 2002.

Elizabeth F. Maringer, Assistant United States Attorney; Mary Jo White, United States Attorney for the Southern District of New York, David Raymond Lewis, Assistant United States Attorney, New York, NY, on the brief, for Appellee.

Tai H. Park, Shearman & Sterling, New York, NY; Sandra Y. Nishikawa, on the brief, for Appellant Mercedes.

Before CARDAMONE, F.I. PARKER, and B.D. PARKER, JR., Circuit Judges.

PER CURIAM.

Tony Mercedes appeals from the judgment of the United States District Court for the Southern District of New York, (John F. Keenan, *Judge*), entered on April 23, 2001, following a plea of guilty to (1) conspiracy to commit robbery in violation of the Hobbs Act, 18 U.S.C. § 1951, (2) robbery in violation of the Hobbs Act, 18 U.S.C. § 1951, and (3) brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c).[1]

1. Defendant-appellant Anthony Feliz also

On April 23, 2001, Mercedes was sentenced to 46 months imprisonment on the first two counts, a mandatory consecutive term of 84 months imprisonment on the third count, three years supervised release, $4,300 in restitution, and a special assessment.

On appeal, Mercedes challenges the district court's application of § 3C1.1 of the United States Sentencing Guidelines and commentary thereto to enhance his sentence for obstruction of justice. Mercedes' principal argument is that Application Note 4(a) to § 3C1.1 only encompasses unlawful attempts to influence witnesses once formal proceedings have been initiated against a defendant. We disagree and hold that Mercedes' attempt to support a false alibi by having friends lie to the police constitutes willful obstructive conduct within the meaning of Note 4(a) and § 3C1.1. Accordingly, for substantially the same reasons as set forth by the district court, we AFFIRM.

## I. BACKGROUND

The relevant facts are undisputed. Mercedes and Feliz robbed a couple in their home at gunpoint. They fled the scene on foot, leaving behind the car in which they arrived. The police traced the registration to Mercedes. On January 4, 2000 at 4:00 p.m., police detectives arrested Mercedes. At 3:00 p.m. on the same afternoon, *i.e.*, an hour before the arrest, Mercedes contacted two friends, Javier Rodriguez and Roberto Minia, and asked them to corroborate a false alibi by telling the police, if necessary, that Mercedes had been with them in Massachusetts on the day of the robbery. Mercedes was taken to the local precinct station and given his *Miranda* warnings. He told the police

pleaded guilty and was sentenced principally to 121 months imprisonment. His counsel filed an *Anders* motion and the government

that he had been in Massachusetts visiting the mother of a friend on the date of the robbery, that he had taken the trip with two friends, and that he would call the two friends so they could verify his alibi. Mercedes telephoned Rodriguez and gave the phone to a detective, who asked Rodriguez to come to the precinct station. Rodriguez agreed and said that he would bring Minia. That evening, Rodriguez and Minia spoke with the detective, initially corroborating Mercedes' false alibi. However, at the end of the interviews, both alibi witnesses recanted their claims and told the police that Mercedes had approached them and asked them to lie in the event that he was arrested or questioned by police. Later that day, Mercedes recanted his false alibi and confessed.

## II. DISCUSSION

The principal issue raised on appeal is whether the undisputed facts set forth above demonstrate a willful obstruction of justice within the meaning of the Sentencing Guidelines. We review the district court's ruling on this issue *de novo*, "giving due deference to the district court's application of the guidelines to the facts." *United States v. Cassiliano*, 137 F.3d 742, 745 (2d Cir.1998) (internal quotation and citation omitted).

Citing our recent decision in *United States v. White*, 240 F.3d 127 (2d Cir.2001), the district court concluded that Mercedes attempted to obstruct justice by "unlawfully influenc[ing] two witnesses in an effort to have them provide a false alibi." Essentially, the district court adopted the position taken by the government and by

filed a motion seeking dismissal of his appeal. In separate orders, we grant both motions.

the Probation Office in the amended PSR[2] that Application Note 4(a) to § 3C1.1 indicates that the obstruction adjustment applies to Mercedes' conduct.[3]

■ Mercedes argues that the district court erred because Note 4(a) only applies to conduct taken after commencement of "formal judicial or perhaps grand jury investigative" proceedings. The basis for this argument is the language of Note 4(a), which refers to "influencing a co-defendant, witness, or juror." U.S.S.G. § 3C1.1, cmt. n. 4(a). According to Mercedes, "[i]n this context, 'witness' must be read to mean a person who has been called to testify, or because of his possession of relevant information, is likely to be called to give sworn testimony." Mercedes does not cite any legal authority in support of his position.

Mercedes' argument fails for a number of reasons. First, the text of the Guideline provides that the obstruction enhancement applies when a defendant "obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the course of the investigation, prosecution, or sentencing . . . ." U.S.S.G. § 3C1.1. Thus, on its face, § 3C1.1 applies to at-

tempts to obstruct justice during the course of an investigation.

■ Second, while the text of Note 4(a) refers to attempts to influence a "co-defendant, witness, or juror," the note does not indicate when conduct aimed at influencing such persons must take place. Thus, conduct aimed at influencing a *potential* "co-defendant, witness, or juror" is within the scope of Note 4(a). For example, in *White,* we held that a defendant's attempt to get a co-arrestee (and thus potential co-defendant) to lie to the police constituted an obstruction within the meaning of Note 4(a). *See White,* 240 F.3d at 138. Similarly, numerous courts have held that attempts to influence potential witnesses also fall within the reach of the provision. *See, e.g., United States v. Brown,* 237 F.3d 625, 627 (6th Cir.), *cert. denied,* 532 U.S. 1030, 121 S.Ct. 1981, 149 L.Ed.2d 772 (2001) (upholding obstruction enhancement based on Note 4(a) where child pornography trafficker threatened a "potential witness" weeks prior to his arrest and before he was even identified by police); *United States v. Lanzotti,* 205 F.3d 951, 957 (7th Cir.), *cert. denied,* 530 U.S. 1277, 120 S.Ct. 2746, 147 L.Ed.2d 1009 (2000) ("counseling a potential witness to make false state-

**2.** In its initial PSR (pre-objections), the Probation Office determined that Mercedes' conduct did not warrant an obstruction enhancement because it did not satisfy the criteria of Application Note 4(g) to Guidelines Section 3C1.1, in that Mercedes' own lies to the arresting officer had not "significantly obstructed or impeded the official investigation." After receiving objections from the parties, the Probation Office applied Application Note 4(a) and concluded that Mercedes' attempt to get Rodriguez and Minia to lie did amount to an obstruction of justice.

**3.** Section 3C1.1, titled *Obstructing or Impeding the Administration of Justice,* provides as follows:

If (A) the defendant willfully obstructed or impeded, or attempted to obstruct or im-

pede, the administration of justice during the course of the investigation, prosecution, or sentencing of the instant offense of conviction, and (B) the obstructive conduct related to (i) the defendant's offense of conviction and any relevant conduct; or (ii) a closely related offense, increase the offense level by 2 levels.

U.S.S.G. § 3C1.1. Application Note 4 sets forth a "non-exhaustive list of examples of the types of conduct to which this adjustment applies," including

(a) threatening, intimidating, or otherwise unlawfully influencing a co-defendant, witness, or juror, directly or indirectly, or attempting to do so;

U.S.S.G. § 3C1.1, cmt. n. 4.

ments to investigating authorities" clearly qualifies as obstruction of justice under § 3C1.1); *United States v. Friend,* 104 F.3d 127, 130–31 (7th Cir.1997) (same). Mercedes appears to concede as much when he states: "In this context, 'witness' must be read to mean a person who has been called to testify, or because of his possession of relevant information, is likely to be called to give sworn testimony." By encouraging his friends to lie on his behalf to support a false alibi (creating relevant misinformation), Mercedes made it likely that the friends would be called to testify if he went to trial.

Finally, Mercedes' suggestion that formal proceedings must have commenced prior to the allegedly obstructive conduct in order for Note 4(a) to apply is directly contrary to our recent decision in *White,* 240 F.3d at 138, which upheld an obstruction enhancement based on Note 4(a) where the defendant asked his girlfriend in Spanish at the time of their arrest to lie about who owned the drugs, not knowing that an officer who understood Spanish stood nearby. *See id.* Although the attempted obstruction had no effect on the investigation and occurred before "formal" proceedings had begun, the defendant's attempt to get a potential witness to lie on his behalf was held to be an obstruction within the meaning of § 3C1.1. *See id.* In this case, Mercedes' obstructive conduct includes pre-arrest and post-arrest conduct: pre-arrest, Mercedes asked his friends to lie to the police on his behalf to support a false alibi, and post-arrest, he put the police in contact with them in an attempt to support his false alibi. Thus, this case cannot be distinguished from *White.* Accordingly, we hold that Mercedes' conduct constituted an obstruction of justice within the meaning of the Guidelines.

Mercedes also contends that there was insufficient proof of intent to obstruct justice and therefore no showing of willfulness. Section 3C1.1 expressly requires that a defendant willfully attempt to obstruct or impede the administration of justice. *See* U.S.S.G. § 3C1.1; *United States v. Woodard,* 239 F.3d 159, 162–63 (2d Cir. 2001). While § 3C1.1 requires the district court to make a finding that the defendant acted with "specific intent to obstruct justice, i.e., . . . the defendant consciously acted with the purpose of obstructing justice," 239 F.3d at 162–63 (quotations and citations omitted), we have held that this requirement is satisfied where the underlying facts are undisputed, as is the case here, and the facts support the "virtually inescapable" conclusion that the defendant must have acted with the requisite intent. *Cassiliano,* 137 F.3d at 747. The undisputed facts that Mercedes influenced his friends to lie to the police in order to support a false alibi and that he put the police in contact with those individuals post-arrest support the inescapable conclusion that he intended to obstruct justice.

We have also reviewed the issues raised in Mercedes' pro se brief and find none of them to have any merit.

## III. CONCLUSION

For the reasons set forth above, the ruling of the district court is AFFIRMED.