UNITED STATES of America,
Appellee,

v.

Michael J. CARTER, Defendant,

John M. Carter, Defendant–Appellant.

Docket No. 02–1384.

United States Court of Appeals,
Second Circuit.

Feb. 10, 2003.

David J. Williams, Sleigh & Williams, St. Johnsbury, VT, for Defendant–Appellant.

David V. Kirby, First Assistant United States Attorney, for Peter W. Hall, United States Attorney for the District of Vermont (James J. Gelber, Assistant United States Attorney, on the brief), Burlington, VT, for Appellee.

Present: OAKES, CALABRESI, and SACK, Circuit Judges.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and it hereby is **AFFIRMED.**

Defendant–Appellant John M. Carter pleaded guilty in February 2002 to a two-count information alleging, inter alia, conspiracy to distribute cocaine. The district court (Sessions, *C.J.*) sentenced Appellant to 108 months, followed by a term of supervised release, and a special assessment. To reach that sentence, the court started with a base offense level, added a two-point enhancement for Appellant's leading role in the conspiracy, added another two-point enhancement for obstruction of justice, and granted a three-level downward departure based on Appellant's assistance to the administration of justice and in light of the totality of the circumstances. The court also denied Appellant's request for an acceptance-of-responsibility downward adjustment, in part because of Appellant's violation of the conditions of his presentence release, and in part on the ground that such an adjustment is generally inconsistent with an obstruction-of-justice enhancement. Appellant appeals the imposition of the obstruction-of-justice enhancement, and the denial of acceptance of responsibility credit.

## I.

The investigation that ultimately led to Appellant's federal indictment started in 1998, when the Vermont state police executed a search warrant at the apartment of Bridget Lawson, who was then the girl-friend of one of Appellant's co-defendants. Lawson cooperated with the state police and, soon after, began receiving death threats, including threats from Appellant. In addition, her cat was killed and she was the victim of vandalism. Appellant denied killing Lawson's cat, but admitted to the harassment, all of which occurred before the federal investigation began.

In March 1999, Bradley Columbia, another of Appellant's co-defendants, was interviewed by the U.S. Customs Service, and provided details of his drug dealing past with Appellant. Columbia was then asked to testify in a grand jury, but he did not do so. As Columbia later testified, after his interview with the Customs agents he spoke with Appellant, who told Columbia not to talk to the authorities. Columbia testified that Appellant offered to forgive Columbia's drug debt of $5,000–10,000 if he kept his mouth shut, and another witness testified that Appellant said he would hire a lawyer for Columbia.

The pre-sentence report recommended an obstruction-of-justice enhancement based on Appellant's harassment of Lawson and on his offer to relieve Columbia's drug debt in exchange for Columbia's non-cooperation with the investigation. Appellant objected on the grounds (1) that the harassment of Lawson occurred before the federal investigation commenced, and therefore could not support a § 3C1.1 enhancement, which applies only to obstruction "during the course of the investigation, prosecution, or sentencing of the instant offense of conviction"; and (2) that he did not offer to relieve Columbia's drug debt in exchange for Columbia's

noncooperation. At the sentencing hearing, as on appeal, Appellant argued that he simply encouraged Columbia to exercise his constitutional rights. The district court rejected this argument and applied the obstruction adjustment based on the Appellant's interactions with Columbia. The court did not address Appellant's harassment of Ms. Lawson.

The court's reasoning did not specifically focus on Appellant's alleged offer to relieve his co-defendant's drug debt, and the court did not make a finding of fact with respect to Appellant's motive or intent. The court stated that "the important point, the essence of the obstruction of justice, is the recommendation by this Defendant that Mr. Columbia should not make any statements to the Grand Jury. That, in my view, is obstruction of justice." Appellant argues that, since the obstruction of justice provision "is not intended to punish a defendant for the exercise of a constitutional right," U.S.S.G. § 3C1.1 app. note 2, it is inappropriate to use it to punish him for "innocently" advising a co-defendant to exercise his Fifth Amendment right not to testify before a Grand Jury.

"[U]nder the law of this Circuit, an enhancement under § 3C1.1 is appropriate only if the district court makes a finding that the defendant had the 'specific intent to obstruct justice, i.e., that the defendant consciously acted with the purpose of obstructing justice.'" *United States v. Woodard*, 239 F.3d 159, 162 (2d Cir.2001) (quoting *United States v. Zagari*, 111 F.3d 307, 328 (2d Cir.1997)). An exception to this requirement is made "where the underlying facts are undisputed" and those facts "support the virtually inescapable conclusion that the defendant must have acted with the requisite intent." *United States v. Feliz*, 286 F.3d 118, 121 (2d Cir. 2002) (per curiam) (internal quotation marks and citation omitted) (undisputed

fact that defendant influenced friends to lie to the police to confirm his false alibi supports the inescapable conclusion that he intended to obstruct justice). But where the defendant "has raised an issue as to his state of mind concerning the conduct alleged to have obstructed or impeded the administration of justice, the court must make a specific finding of intent." *United States v. Bradbury*, 189 F.3d 200, 204 (2d Cir.1999) (quoting *United States v. Reed*, 49 F.3d 895, 901 (2d Cir.1995)) (internal quotation marks omitted).

If the district court believed that Appellant offered to relieve Columbia's drug debt in exchange for Columbia's non-cooperation with the investigation, that finding would quite easily fit in the category of facts that "support the virtually inescapable conclusion that the defendant must have acted with the requisite intent." *Feliz*, 286 F.3d at 121. But the court did not make such a finding of fact; indeed it said nothing about Appellant's alleged offer to relieve Columbia's drug debt.

■ Even without taking the alleged bribe into account, however, Appellant's recommendation that Columbia refuse to testify might still have supported the adjustment if the district court had made a specific finding that Appellant's advice was given with the *specific intent* to obstruct justice, rather than, as Appellant asserts, out of his concern for Columbia's constitutional protections. *Cf. United States v. Cioffi*, 493 F.2d 1111, 1119 (2d Cir.), *cert. denied*, 419 U.S. 917, 95 S.Ct. 195, 42 L.Ed.2d 155 (1974) ("[W]hile a witness violates no law by claiming the Fifth Amendment privilege against self-incrimination in a grand jury, one who bribes, threatens, coerces a witness to claim it or advises with corrupt motive a witness to take it, can and does obstruct or influence the administration of justice [in violation of 18

U.S.C. § 1503]. The focus is on the intent or motive of the party charged as an inducer.").

But, although by claiming an innocent motivation Appellant "raised an issue as to his state of mind," the court did not make a factual finding with respect to Appellant's motive. Instead, the court found only (1) that Appellant recommended that Columbia not testify, (2) that Columbia did not testify, and (3) that justice was thereby obstructed. These findings appear to be insufficient to support a § 3C1.1 adjustment.

If this were the only basis for the obstruction-of-justice adjustment, we might well be required to remand to the district court for clarification as to whether the court had found either (1) that Appellant offered to relieve Columbia's drug debt in exchange for his non-cooperation with the investigation, or (2) that Appellant's advice to Columbia was given with the specific intent to obstruct justice. Remand, however, is not necessary in the instant case. Although the district court did not address it, Appellant admits to the conduct that provides the other basis for a § 3C1.1 adjustment, that is, the harassment of Bridget Lawson.

■ Appellant argued at the sentencing hearing that this conduct could not support a § 3C1.1 adjustment because the harassment occurred before the federal investigation began. That conclusion is wrong under our cases. See, e.g., United States v. Bennett, 252 F.3d 559, 566 (2d Cir.2001) (obstruction adjustment allowed where defendant had obstructed only the SEC investigation and not his criminal prosecution, because "the enhancement applies to efforts to obstruct an official investigation ... which includes investigations that occur prior to indictment" (internal quotation marks and citation omitted)); United States v. Zagari, 111 F.3d 307, 328–29 (2d

Cir.1997) (perjury in a civil regulatory suit can support a § 3C1.1 adjustment in a federal criminal action where "the connection between the two cases is quite close" and the perjury was material to the federal case). See also United States v. Self, 132 F.3d 1039, 1042–43 & n. 2 (4th Cir. 1997) ("[I]n the initial stages of a criminal investigation, it may be anything but clear whether the conduct being investigated violates state law, federal law, or both. Accordingly, the appropriate focus of inquiry is not whether federal officials had begun involvement with the investigation, but whether the investigation was for 'the instant offense.'" (collecting cases of other circuits that reach the same conclusion)).

■ "[O]nce the court of appeals has decided that the district court misapplied the Guidelines, a remand is appropriate unless the reviewing court concludes, on the record as a whole, that the error was harmless, i.e., that the error did not affect the district court's selection of the sentence imposed." Williams v. United States, 503 U.S. 193, 203, 112 S.Ct. 1112, 117 L.Ed.2d 341 (1992) (citing Fed. R.Crim.P. 52(a)). In this case, given the undisputed harassment of Ms. Lawson, which "support[s] the virtually inescapable conclusion that the defendant must have acted with the requisite intent" to obstruct justice, the obstruction-of-justice adjustment was warranted, and any possible error on the district court's part in reasoning toward that conclusion was harmless.

## II.

■ The district court denied Appellant a downward adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1. The decision was based on two factors: (1) its finding that Appellant had obstructed justice, and (2) its finding that Appellant violated the conditions of his pre-sentencing

release by having contact with a co-defendant prior to sentencing. At the same time, however, the court granted Appellant a three-level downward departure in recognition of Appellant's assistance to the administration of justice and the totality of the circumstances.

Application note 4 to § 3E1.1 states that conduct constituting obstruction of justice "ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct. There may, however, be extraordinary cases in which adjustments under both §§ 3C1.1 and 3E1.1 may apply." U.S.S.G. § 3E1.1 cmt. 4. "[T]he sentencing judge's finding as to whether the defendant has adequately demonstrated an acceptance of responsibility will not be disturbed unless it without foundation." *United States v. Fernandez*, 127 F.3d 277, 285 (2d Cir.1997) (internal quotation marks omitted).

At sentencing, the district court suggested that it was inclined to give the Appellant either an acceptance of responsibility adjustment or a downward departure for administration of justice, but not both. The court noted that its "first impression was that – that he should get acceptance and not a downward departure," but that it was "persuaded that that last violation of trying to contact a defendant right before sentencing is unexcused, and that in a sense tips the balance." We cannot say this finding was "without foundation."

We have considered all of Appellant's claims and find them meritless. We therefore AFFIRM the judgment of the district court.