**UNITED STATES of America,**
**Appellee,**

v.

**Nigel MCKENZIE Defendant–**
**Appellant.**

**Docket No. 04–3785.**

United States Court of Appeals,
Second Circuit.

March 10, 2005.

Mark H. Pollard, Pollard & Koenig, Brooklyn, New York, for Appellant.

John G. Martin, Assistant United States Attorney for the Eastern District of New York, (Roslynn Mauskopf, United States Attorney for the Eastern District of New York, Cecil C Scott, Assistant United States Attorney for the Eastern District of New York, on the brief), Brooklyn, New York, for Appellee.

PRESENT: JACOBS, CALABRESI, and POOLER, Circuit Judges.

### SUMMARY ORDER

Nigel McKenzie appeals from a judgment of the United States District Court for the Eastern District of New York (Ross, *J.*) entered on July 1, 2004. We assume that the parties are familiar with the facts, the procedural context, and the specification of the issues on appeal.

Though claims of inadequate counsel are not normally considered on direct appeal, *United States v. Morris,* 350 F.3d 32, 39 (2d Cir.2003), here the record is fully developed, and both parties urge the court to decide the issue; we do so as its "resolution is beyond any doubt" and "to do so [is] in the interest of justice." *United States v. Khedr,* 343 F.3d 96, 100 (2d Cir.2003) (internal quotation marks omitted).

■  McKenzie argues that his counsel was ineffective because counsel disclosed the location of a gun, a Mac–11, to the government without McKenzie's consent, and because, even if McKenzie consented, his counsel did not advise him as to the full consequences of this disclosure. Generally, failure to keep a client's confidences makes out a deprivation of the Sixth Amendment right to counsel. *See Nix v. Whiteside,* 475 U.S. 157, 171, 106 S.Ct. 988, 89 L.Ed.2d 123 (1986). The district court, after a hearing, credited the lawyer's testimony and found that McKenzie "not only authorized [his counsel] to disclose the location of the Mac–11 to the government, but that the defendant in fact insisted that [counsel] do so," and that "[counsel] had several conversations with the defendant . . . in which [counsel] explained the potential 'pitfalls' of disclosing" the information, including that the government might bring additional charges related to that weapon and that it might not be in the defendant's " 'best interest.' " A 27–28. The district court's findings are not clearly erroneous. *See generally United States v. Villegas,* 928 F.2d 512, 517 (2d Cir.1991).

■  McKenzie raises for the first time before this court the argument that his counsel did not advise him as to adverse sentencing consequences under U.S.S.G. § 2K2.1(b)(1)(A), for (as he puts it) crimes "involving more than three guns." Blue 16. This argument misconstrues the statute, which increases the penalty for crimes involving "three or more" guns, and indeed penalizes equally the use of three to seven guns. U.S.S.G. § 2K2.1(b)(1)(A).

■  McKenzie argues that the district court erred by enhancing his sentence based on a finding that he had obstructed justice. Though the district court described McKenzie's testimony as "painful," it did not make the specific findings that the false testimony was "willful" or "intentional"—findings necessary to support an

enhancement for obstruction based on perjury. *See United States v. Ben–Shimon,* 249 F.3d 98, 102 (2d Cir.2001). The enhancement for obstruction was nevertheless appropriate because McKenzie urged a witness to obfuscate the purpose of a money transfer. *See, e.g. United States v. Peterson,* 385 F.3d 127, 142 (2d Cir.2004) (telling witness to assert Fifth Amendment privilege can constitute obstruction); *United States v. Feliz,* 286 F.3d 118, 121 (2d Cir.2002) (asking friend to provide false alibi is obstruction); *United States v. Lincecum,* 220 F.3d 77, 80–81 (2d Cir.2000) (attempt to coerce another into obstructing justice is obstruction even where unsuccessful).

Finally, McKenzie argues that his sentence is unconstitutional. In light of the Supreme Court's recent opinion in *United States v. Booker,* —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), this case must be remanded to the district court for proceedings consistent with this Circuit's recent decision in *United States v. Crosby,* 397 F.3d 103, 2005 U.S.App. Lexis 1699 (2d Cir. Feb. 3, 2005).

For the foregoing reasons, the judgment of conviction is hereby **AFFIRMED IN PART** and the case is **REMANDED IN PART** for further sentencing proceedings consistent with *Booker* and *Crosby.*