United States of America v. Lawani

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19ᵗʰ day of December, two thousand fourteen.

PRESENT: DENNIS JACOBS,
         DEBRA ANN LIVINGSTON,
         RAYMOND J. LOHIER, JR.,
                    <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - -X
UNITED STATES OF AMERICA,
         <u>Appellee</u>,

         -v.-                                    13-4574

YASSER LAWANI,
         <u>Defendant-Appellant</u>.
- - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:              Ryan Thomas Truskoski,
                           Harwinton, Connecticut.

FOR APPELLEE:              Alixandra E. Smith, David C.
                           James, Assistant United States
                           Attorneys (<u>for</u> Loretta E. Lynch,
                           United States Attorney for the

Eastern District of New York),
Brooklyn, New York.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Brodie, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Yasser Lawani appeals from a judgment of the United States District Court for the Eastern District of New York (Brodie, J.), sentencing him to 60 months of imprisonment for conspiring to export stolen motor vehicles (in violation of 18 U.S.C. §§ 371 and 553(a)(1)) and for filing false federal income tax returns (in violation of 18 U.S.C. § 287). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Lawani claims that his sentence is procedurally unreasonable, citing two alleged errors in the calculation of the advisory guidelines range: (1) imposing an enhancement for obstruction of justice, and (2) refusing to apply a reduction for acceptance of responsibility. Both arguments are meritless.

**1.** "On review of a district court's decision to enhance a defendant's sentence for obstruction of justice, we accept the court's findings of facts unless they are clearly erroneous." United States v. Pena, 751 F.3d 101, 105 (2d Cir. 2014) (per curiam) (internal quotation marks omitted). "We review de novo a ruling that the established facts constitute obstruction of justice, giving due deference to the district court's application of the guidelines to the facts." Id. (internal quotation marks omitted).

The district court made two independent findings relating to obstruction. First, based on a series of recorded telephone calls from jail, the court found that Lawani instructed his brother to destroy evidence relating to his crime and discussed the possibility of fleeing the country if released on bail. Second, the court found that Lawani lied under oath at the trial of his (co-defendant) brother. These factual findings are not clearly erroneous.

Directing others to destroy evidence of a crime, planning an escape, and perjury each may suffice as obstruction of justice. See, e.g., United States v. Triumph Capital Grp., Inc., 544 F.3d 149, 169 (2d Cir. 2008) (destruction of evidence); United States v. Aponte, 31 F.3d 86, 88 (2d Cir. 1994) (flight with intent to avoid judicial proceedings); United States v. Savoca, 596 F.3d 154, 159 (2d Cir. 2010) (perjury at trial of a co-defendant). Moreover, U.S.S.G. § 3C1.1 covers failed attempts as well as acts of successful obstruction. See, e.g., United States v. Feliz, 286 F.3d 118, 120 (2d Cir. 2002) (per curiam). So the district court's decision to impose an enhancement for obstruction of justice under U.S.S.G. § 3C1.1 is affirmed.

**2.** As to the court's refusal to apply a reduction for acceptance of responsibility, a defendant may qualify for such a reduction if the district court finds that "the defendant clearly demonstrates acceptance of responsibility for his offense." U.S.S.G. § 3E1.1.

On appeal, "a district court's determination whether a defendant is entitled to credit for acceptance of responsibility merits 'great deference' because the 'sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility.'" United States v. Nouri, 711 F.3d 129, 146 (2d Cir. 2013) (quoting U.S.S.G. § 3E1.1 cmt. 5). The question is one of fact, so "a district court's determination in this regard will not be disturbed unless it is without foundation." United States v. Taylor, 475 F.3d 65, 68 (2d Cir. 2007) (per curiam) (internal quotation marks and alteration omitted).

Although Lawani pleaded guilty, "[a] defendant 'who enters a guilty plea is not entitled to an adjustment [for acceptance of responsbility] as a matter of right.'" United States v. Kumar, 617 F.3d 612, 635 (2d Cir. 2010) (quoting U.S.S.G. § 3E1.1 cmt. 3). More to the point here, a defendant who obstructs justice is typically disentitled to such a reduction. See id. (an obstruction enhancement forecloses an acceptance of responsibility reduction except in "extraordinary cases") (quoting U.S.S.G. § 3E1.1 cmt. 4).

The district court found that Lawani's perjury at his brother's trial--which took place after Lawani entered his guilty plea--"belies the fact that [Lawani] ha[d] indeed accepted responsibility for what happened here." The

3

district court's refusal to treat Lawani's as an "extraordinary case" (i.e., one in which the reduction was warranted notwithstanding the obstruction) was not without foundation.  So, we affirm.

***

For the foregoing reasons, and finding no merit in Lawani's other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK