15-4093-cr
*United States of America v. Arthur Long*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# AMENDED SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of February, two thousand seventeen.

PRESENT:    RALPH K. WINTER,
            JOSÉ A. CABRANES,
            GERARD E. LYNCH,
                    *Circuit Judges.*

---

UNITED STATES OF AMERICA,

                    *Appellee,*                              15-4093-cr

            v.

ARTHUR LONG,

                    *Defendant-Appellant.*

---

**FOR APPELLEE:**                    FRANK T. PIMENTEL, Counsel *for* William
                                     J. Hochul, Jr., United States Attorney for
                                     the Western District of New York,
                                     Buffalo, N.Y.

**FOR DEFENDANT-APPELLANT:**         JAMES CHRISTIE III, Law Office of James
                                     Christie III, Rochester, N.Y.

Appeal from the judgment of the United States District Court for the Western District of New York (Frank P. Geraci, Jr., *Chief Judge*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-appellant Arthur Long appeals from judgment of conviction entered on December 19, 2015, after a jury found him guilty of possession of methylone with intent to distribute in violation of 21 U.S.C. § 841(a)(1); possession of marijuana with intent to distribute in violation of 21 U.S.C. § 841(a)(1); use of premises to manufacture, distribute and use controlled substances in violation of 21 U.S.C. § 856(a)(1); and possession of a firearm in furtherance of drug trafficking crimes in violation of 18 U.S.C. § 924(c)(1)(a). The district court principally sentenced the Defendant to terms of imprisonment of 21 months and 60 months to be served consecutively.

On appeal, Long argues: (1) that both statements he made after his arrest and the physical evidence seized from his car, person, and home should have been suppressed because the police lacked probable cause to arrest him or to support the search warrants for his residence and car; (2) that the district court erred in denying Long a *Franks* hearing to challenge the veracity of the affidavit used to obtain the search warrant for his home and car; (3) that the evidence was not legally sufficient to support Long's conviction; and (4) that the enhancement of Long's sentence for obstruction of justice pursuant to U.S. Sentencing Guidelines (U.S.S.G.) § 3C1.1 was improper because the evidence does not establish that Long willfully obstructed the administration of justice. We have considered the additional arguments raised in the Defendant's supplemental *pro se* letter dated October 13, 2016. Upon independent review of the record, we find no basis to disturb the jury's guilty verdict or the sentences imposed by the district court. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

## A. Probable Cause to Support Searches

We review *de novo* whether a set of facts satisfied the probable cause standard, but review factual findings supporting a district court's assessment of probable cause for clear error. *See, e.g., United States v. Rajaratnam*, 719 F.3d 139, 153 (2d Cir. 2013) (citing *Ornelas v. United States*, 517 U.S. 690, 699 (1996)); *United States v. Murphy*, 703 F.3d 182, 188-189 (2d Cir. 2012). "Probable cause to arrest exists when the arresting officer has knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime." *Escalera v. Lunn*, 361 F.3d 737, 743 (2d Cir. 2004) (internal quotation marks omitted).

The Defendant argues that the arresting officer lacked probable cause to arrest him, or even reasonable suspicion to stop his vehicle. We reject this argument for several reasons. First, Investigator Morales arranged for the purchase of marijuana and ecstasy from Long on July 16, 2013. She watched a confidential informant ("CI") enter 35 Chi Mar Drive, the Defendant's home, and emerge with four pills and six capsules of ecstasy. Long told that CI that he had an AK-47,

which was found during the search of his home two days later. This controlled purchase predated the stop and arrest, providing Investigator Morales with probable cause. *See, e.g., United States v. Bailey*, 743 F.3d 322, 326 (2d Cir. 2014) (requiring "specific and articulable facts which, taken together with rational inference from those facts … [provide an] objective basis for suspecting wrongdoing."). Investigator Morales filed an affidavit for a search warrant one day later on July 17, 2013. Second, other officers were made aware of the controlled purchase and search warrants for Long's home and car. Investigator Morales informed Officer Rodriguez, who performed Long's arrest, that there had been a controlled purchase of narcotics by a CI from Long at 35 Chi Mar Drive. Officer Rodriguez also attended the briefing at which this incident was discussed. Those communications sufficiently informed Officer Rodriguez of the basis for an arrest, satisfying the "collective knowledge" doctrine. *See United States v. Colon,* 250 F.3d 130, 135 (2d Cir. 2001) ("Under the collective or imputed knowledge doctrine, an arrest or search is permissible where the actual arresting or searching officer lacks the specific information to form the basis for probable cause or reasonable suspicion but sufficient information to justify the arrest or search was known by other law enforcement officials initiating or involved with the investigation.")

In light of the facts directly observed by Investigator Morales and communicated to Officer Rodriguez two days later, we hold that the district court did not err in finding that Long's arrest was based on probable cause.

## B.  Denial of a *Franks* Hearing

This Court has not articulated a standard of review for the denial of a *Franks* hearing to challenge the veracity of the affidavit used to obtain the search warrant. *See Franks v. Delaware,* 438 U.S. 154 (1978); *Rajaratnam*, 719 F.3d at 139, 153 (noting there is authority for applying clear error review, *de novo* review, and abuse of discretion review); *accord United States v. Falso*, 544 F.3d 110, 126 n.21 (2d Cir. 2008). "To invoke the *Franks* rule, a defendant is required to show: (1) 'that there were intentional and material misrepresentations or omission' in the warrant affidavit, and (2) that the 'alleged falsehoods or omission were necessary to the … probable cause finding.'" *United States v. Mandell,* 752 F.3d 544, 552 (2d Cir. 2014) (quoting *United States v. Awadallah,* 349 F.3d 42, 65 (2d Cir. 2003)). The defendant must make a "substantial preliminary showing" of both elements in order to obtain a hearing. *Falso*, 544 F.3d 110, 125. Generally, we afford deference to an issuing judge's determination that probable cause exists and resolve doubt in favor of upholding the warrant. *See United States v. Salameh*, 152 F. 3d 88, 113 (2d Cir. 1998) (internal citation omitted).

Even under *de novo* review, we find that the denial of a *Franks* hearing was proper in the instant appeal. The Defendant argues that the affidavit submitted on July 17, 2013 deliberately omits the fact that the CI was "a drug addict" and that the CI had been paid a total of about $3,000 by federal and state authorities over the course of an 18-month period for help in connection with this and other criminal investigations. *See* J. App'x at 217. We disagree. There is no evidence of

3

intentional falsehood or erroneous information that was "necessary to the probable cause finding." *Mandell,* 752 F.3d at 544, 552; *see also United States v. Coreas*, 419 F.3d 151, 154-55 (2d Cir. 2005) (neglecting to include a witness's prior conviction does not constitute intentional falsehood).

Here, Investigator Morales's affidavit contained ample information to support the finding of probable cause. First, the affidavit specified the places to be searched and their relationship to the suspect: (1) 35 Chi Mar Drive where "Art Long" was a Rochester Gas and Electric subscriber, and (2) a "1977 Cadillac Two Door Sedan color white, registered to Arthur D. Long . . . at 35 Chi Mar Drive." JA 125-131. Second, the affidavit contained information about the reliability of the CI who had "provided reliable information since 2012 . . . which has led to the arrest and/or conviction of individuals on murder, weapons and other crimes." J. App'x 127. It also described the CI's purchase of ecstasy and marijuana from Long on July 9, 2013, as well as particulars about Long's tendency to keep pills and marijuana under the steering wheel of his white Cadillac and his ownership of an AK-47. Third, Investigator Morales personally observed Long operating the white Cadillac and the CI leaving and exiting Long's residence on the July 16, 2013, thereby corroborating the information obtained from the CI.

But even if we were to assume that Long has successfully made "a substantial preliminary showing" that the affiant knowingly and intentionally, or with reckless disregard for the trust, omitted material information from the warrant affidavit, he has nevertheless failed to show that any such omission "[was] necessary to the finding of probable cause." *Franks,* 438 U.S. at 155-56. Even without the information obtained solely from the CI, the affidavit contains "a residue of independent and lawful information sufficient to support [a finding of] probable cause," *Rajaratnam,* 719 F.3d at 146 (internal quotation marks omitted) (alteration in the original), and we cannot conclude that the addition of the information Long claims was omitted from the affidavit would have affected the judge's decision to issue the warrant. Accordingly, we conclude that the district court did not err in denying a *Franks* hearing.

## C. Sufficiency of the Evidence

"A defendant challenging the sufficiency of the evidence bears a heavy burden because the reviewing court is required to draw all permissible inferences in favor of the government and resolve all issues of credibility in favor of the jury verdict." *United States v. Kozeny*, 667 F.3d 122, 139 (2d Cir. 2011); *see also United States v. Naiman*, 211 F.3d 40, 46 (2d Cir. 2000). While we examine the Defendant's challenge to the sufficiency of the evidence *de novo*, we "affirm if the evidence, when viewed in its totality and in the light most favorable to the government, would permit any rational jury to find the essential elements of the crime beyond a reasonable doubt." *United States v. Yannotti*, 541 F.3d 112, 120 (2d Cir. 2008). "[Our] standard of review is exceedingly deferential." *United States v. Coplan*, 703 F.3d 46, 62 (2d Cir. 2012) (internal quotation marks omitted).

4

The Defendant claims that there was insufficient evidence to show that he possessed guns in furtherance of drug trafficking. He also maintains that the guns were merely for his own protection, and the drugs were for his own personal use. We disagree. The police found drug paraphernalia at the Defendant's home that included an electronic scale, unused ziplock bags, a marijuana grinder, and large amounts of cash. *See United States v. Martinez*, 54 F.3d 1040, 1043-1044 (2d Cir. 1995) ("Possession of equipment to weigh, cut, and package drugs is highly probative of a purposes to distribute… as well as a gun from which an inference that he was engaged in the dangerous business of drug trafficking could be properly drawn." (internal quotation marks and citations omitted)). A loaded AK-47 firearm containing 29 rounds and a stolen handgun were also found at the Defendant's residence. *See United States v. Snow,* 462 F.3d 55, 62-63 (2d Cir. 2006) (firearms found in close proximity to drug distribution paraphernalia is sufficient to show the firearms were "readily accessible to protect drugs, drug proceeds, or the drug dealer himself."). Special Agent Martineck also testified as to why the totality of the evidence was inconsistent with personal use. In addition, the Defendant admitted to selling drugs and possessing loaded firearms. Based on the evidence, we conclude that a rational jury could infer that Long possessed firearms in furtherance of drug trafficking crimes in violation of 18 U.S.C. § 924(c)(1)(a).

Similarly, the Defendant raises no arguments that require us to reverse the jury's verdict finding the Defendant guilty of violating 21 U.S.C. § 856(a)(1) for use of premises to manufacture, distribute and use controlled substances. "For a conviction under § 856(a)(1), the government must establish beyond a reasonable doubt that the defendant (1) used a place; (2) for the purpose of distributing or packaging controlled substances; and (3) did so knowingly." *United State v. Facen*, 812 F.3d 280, 290 (2d Cir. 2016). Here, the jury was instructed to determine whether the drug activity at 35 Chi Mar Drive was a "significant or important reason" why the Defendant maintained the premises. J. App'x at 752. Based on the drug paraphernalia and firearms found at the Defendant's premises along with a small quantity of drugs, they concluded that 35 Chi Mar Drive was being knowingly used to distribute controlled substances. We are unpersuaded by the Defendant's argument that a larger quantity of drugs was found in his car, as opposed to his home, and therefore his home was not used to distribute controlled substances. We therefore conclude that there was sufficient evidence to support the jury's finding that the Defendant violated 21 U.S.C. § 856(a)(1).

## D. § 3C1.1 Sentencing Enhancement

We review sentences "for abuse of discretion, a standard that 'incorporates *de novo* review of questions of law (including interpretation of the [Sentencing] Guidelines) and clear-error review of questions of fact.'" *United States v. Bonilla*, 618 F.3d 102, 108 (2d Cir. 2010) (quoting *United States v. Legros*, 529 F.3d 470, 474 (2d Cir. 2008) (alterations in original)). Sentence enhancements for obstruction of justice are reviewed under this mixed standard, giving "due deference to the district

court's application of the guidelines to the facts." *See United States v. Cassiliano*, F.3d 742, 745 (2d Cir. 1998) (internal quotation marks and citation omitted).[1]

The Defendant contends that the district court erred in applying a two-level sentencing enhancement for obstruction of justice because there was no showing of willfulness. We are not persuaded by this argument. Long made a call from jail threatening to "put money on her head" of a suspected informant so she would "keep her mouth shut." J. App'x at 63. This threat was corroborated by a subsequent conversation between Long and a CI while in prison, as well as a recorded jail telephone call from July 19, 2013 about "a chick… she's with the police." *Id.* at 64. Our precedents are clear that attempts to influence potential witnesses fall within the scope of U.S.S.G. § 3C1.1. *See, e.g., United States v. Feliz*, 286 F.3d 118, 120 (2d Cir. 2002). We have held that proof of intent to obstruct justice is satisfied where the facts support the "virtually inescapable" conclusion that the defendant must have acted with the requisite intent. *Cassiliano*, F.3d at 747. Furthermore, the Defendant's argument that the Presentence Investigation Report ("PSR") recommended no increase for obstruction of justice bears little weight. The district court specifically stated that new information emerged after the PSR was completed that informed its decision to apply the enhancement. Accordingly, we hold that the district court did not err in applying a sentencing enhancement for obstruction of justice.

## CONCLUSION

We have considered all of the arguments raised by Defendant on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[1] The § 3C1.1 enhancement applies when a defendant "obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the course of the investigation, prosecution, or sentencing." U.S.S.G. § 3C1.1.